DIAGNOSTIC MEDICAL ASSOCIATES
MD, P.C., and Geoffrey Richstone,
Plaintiffs–Appellants,

v.

NEW YORK CITY DISTRICT COUN-
CIL OF CARPENTERS WELFARE
FUND, Defendant–Appellee.

No. 06–1905–cv.

United States Court of Appeals,
Second Circuit.

April 30, 2007.

David Etkind (Irwin M. Echtman and
Bruce Hesselbach, of counsel), Law Offices

of Irwin M. Echtman, P.C., New York, NY, for Appellants.

Gary Silverman (Nicholas S. Hanlon, of counsel), O'Dwyer & Bernstein LLP, New York, NY, for Appellee.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Geoffrey Richstone and Diagnostic Medical Associates ("DMA") (collectively, "Appellants") appeal from the judgment of the United States District Court for the Southern District of New York (Maas, *M.J.*), granting summary judgment in favor of New York City District Council of Carpenters Welfare Fund ("Fund") and dismissing Appellants' claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Fund operates the Major Medical and Dental Benefits Plan ("Plan"), an employee welfare benefit fund under ERISA. The Plan vests primary authority over administration of the Plan to the Trustees of the Fund; day-to-day administration of the Plan was delegated to Blue Cross/Blue Shield ("BC/BS").

During the relevant period (from January 1, 1998 to November 9, 1999) Appellants provided medical care to William Marcucci, a participant in the Plan. Appellants submitted claims to the Plan seeking payment for the treatment, but the Plan denied the claims on the ground that the treatment was not medically necessary. Marcucci assigned his claims under the

Plan to Appellants, and Appellants subsequently filed suit.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When an ERISA benefit plan vests "the administrator with broad discretionary authority to determine eligibility," we review its decisions "under the arbitrary and capricious standard." *Celardo v. GNY Auto. Dealers Health & Welfare Trust,* 318 F.3d 142, 145 (2d Cir.2003). "Under the arbitrary and capricious standard, the scope of judicial review is narrow." *Id.* at 146. "A court may overturn a plan administrator's decision to deny benefits only if the decision was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Id. (quoting Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir.1995)).

Appellants' claims were initially rejected by BC/BS, and were then rejected on appeal by the Trustees. Appellants argue that the Plan does not vest the Trustees with discretionary authority in their appellate function, and that therefore we should review the Trustees' denial of Appellants' claims *de novo.* The terms of the Plan say otherwise. The Trustees have authority to "construe the Plan," to "decide *all questions* arising in the interpretation of the Plan," and to "[p]rovide a full, fair and *final review of any claim.*" The Trustees "shall be deemed to have properly exercised such authority unless [they have] abused [their] discretion ... by acting arbitrarily and capriciously."

Appellants argue that the Fund's denial was based on impermissible "blacklisting,"

1. We need not decide whether Marcucci properly assigned to DMA his claims against the Fund. Assuming the assignment was proper, DMA's and Richstone's claims suffer the same defects.

and cite to deposition testimony of the Fund's assistant director to the effect that some time in the 1990s the Fund became suspicious of claims by DMA and Richstone and suspended payment on those claims. Appellants assert that this suspension was "based only upon rumor and scuttlebutt," but admit that Richstone pleaded guilty to criminal charges involving "getting kickbacks for tests" and "order[ing] too many tests." As to the claims here at issue, Appellants concede that "rumor and scuttlebutt" was not the basis for the denial, but that the Fund "rel[ied] upon Dr. [Kenneth] Herwig's report in denying benefits." That is fatal. Dr. Herwig's report "question[ed] the medical necessity of the care provided," noted the inadequacy of Appellants' medical records, and concluded that "the care provided for medical services was substandard." In the record before the district court (but not before the Trustees) Dr. Herwig's opinion was supported by Dr. Juanita Evereteze, who concluded that "the medical services provided were certainly substandard," and that "the office visits were not medically justified for minor complaints." The Trustees' decision was thus within their discretion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**